SYLVIA NECHIS, Plaintiff, *v.* GRAMATAN GARDENS, INC., et al., Defendants.

Supreme Court, Westchester County, August 3, 1962.

*Herbert W. Aronson* for plaintiff. *Arthur F. Abelman,*
defendant in person and for another.

FRANK S. McCULLOUGH, J. This is a motion for summary
judgment brought by the defendants in a stockholders'
derivative suit.

The complaint states two causes of action against the defend-
ants. The first cause of action alleges waste of corporate assets
by payment of excessive salary to the defendant Myra Abelman
and excessive legal fees to defendant Arthur F. Abelman. The
second cause of action asks the court to declare a dividend. The
prayer for relief set forth in the complaint seeks an accounting
for the moneys received and disbursed by the defendants as
officers and directors of the corporate defendant, determination
of damages sustained by reason thereof, judgment in favor of
the corporate defendant against the individual defendants for
damages sustained, and a direction that dividends be declared
out of the corporate surplus.

As Judge ÉDGCOMB pointed out in *Winter* v. *Anderson* (242
App. Div. 430, 431):

" Before discussing the facts, it may be well to briefly refer
to the duty which the individual defendants owed to their cor-
poration. The rule is well settled that the officers and directors
of a corporation occupy positions of trust in relation to their
company and to its stockholders, and in all their dealings are
bound to act with fidelity and in the utmost good faith; they are
required to guard and care for the property of the corporation,
and to manage its affairs with the same degree of loyalty and
devotion that men of average prudence apply to their own per-
sonal affairs; they must subordinate their individual and private
interests to their duty to the corporation whenever the two con-
flict. For the violation of such duty, resulting in loss and waste
of the corporate assets, they may be made to account in equity
to the corporation or to its representatives. &ast; &ast; &ast;

" A corporate officer or director is not permitted to derive any personal profit or advantage by reason of his position, which is not enjoyed in common by all the stockholders.   *   *   *

" Plaintiff insists that these familiar rules, which are based on morality and sound public policy, were violated by the defendants in seven separate transactions, resulting in a loss to the corporation of $66,545,105.19.

" Throughout this discussion it must constantly be borne in mind that this rule of liability is limited to the fraudulent, dishonest or collusive acts of the officers or directors, which result in loss to the corporation, and cannot be invoked for a mere error of judgment, or lack of efficiency upon their part.   Power and authority in the directors to manage and conduct the affairs of the corporation are absolute, so long as they act in accordance with their best judgment and, in the absence of a dishonest purpose, or of fraud, bad faith or negligence so gross as to amount to a breach of trust, their discretion will not be reviewed by the court in an action attacking their conduct.''

There is a difference of opinion appearing in the affidavits of the respective parties with respect to the reasonableness of the salary voted by the board of directors for the defendant Myra Abelman, and as to whether there has been a waste of corporate assets.   As to the legal fees paid, the court takes note of the fact that no itemization of the services allegedly performed by the attorney, who is the son of the majority stockholder, appears.   The affidavit of another attorney declaring the fees charged by the son of the majority stockholder were reasonable fails to overcome the absence of such an itemization.   As a result, the court is constrained to find that an issue of fact has arisen as to whether there has been a waste of corporate assets. Ordinarily the questions raised herein might be considered to be within the exclusive dominion and discretion of the board of directors, but where a close family situation is involved, a greater scrutiny by the court would seem to be warranted.   The court is not prepared to state that the action of the board of directors represents a waste of corporate assets but does find, on the basis of the papers submitted that an issue of fact is present with respect thereto.   Accordingly the motion is denied as to the first cause of action.

With respect to the second cause of action, the court takes note of the fact that the plaintiff's original capital investment in the corporate defendant is in the sum of $750.   The information submitted to the court with respect to the financial status of the corporation fails to reveal any triable issue as to the

failure by the corporate defendant to declare a dividend. The court notes the similarity of the situation described in *City Bank Farmers Trust Co.* v. *Hewitt Realty Co.* (257 N. Y. 62, 66) wherein the court said: "Regular dividends of six per cent on 100 shares of $10 each would be $60 a year. We cannot expect that this action is maintained for the purpose of compelling the defendants to declare such a nominal dividend although they are abundantly able to do so. The purpose of the action plainly is to compel them to declare a dividend which shall approximately represent the excess of the value of corporate assets above the aggregate amount of debts and liabilities, including capital or capital stock as the case may be. * * * In other words, the plaintiff now in substance insists on a partial liquidation".

Accordingly as to the second cause of action, the motion for summary judgment is granted. Submit order on notice in accordance with the foregoing.